SUZANNE M. HANKINS (State Bar No. 157837)
smh@severson.com
JARLATH M. CURRAN, II (State Bar No. 239352)
jmc@severson.com
ANDREW L. MINEGAR (State Bar No. 280330)
alm@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A.; and HSBC Bank
USA, National Association, as Trustee for
Deutsche ALT-A Securities Mortgage Loan Trust,
Series 2006-AR4 (erroneously sued as HSBC
BANK USA, NATIONAL ASSOCIATION)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary DIMACCIO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; HSBC BANK USA, NATIONAL ASSOCIATION; and DOES 1-100,<br><br>　　　　Defendants. | Case No. 3:13-cv-01399-CAB-KSC<br>Hon. Cathy Ann Bencivengo<br>Ctrm. 4C – Schwartz<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:　　October 25, 2013<br>Time:　　2:30 P.M.<br>Ctrm.:　　4C<br>[No Oral Argument Requested]<br><br>Action Filed:　June 14, 2013<br>FAC Filed:　　July 25, 2013<br>Trial Date:　　None Set |

## I. INTRODUCTION

Rather than respond to the merits of the Defendants' Motion to Dismiss (the "Motion"), Plaintiff's Opposition adds new facts (and a new exhibit) to muster up a cognizable claim against Defendants, repeats the baseless allegation that Defendants lacked authority to foreclose on the Property, and frequently requests leave to amend should the Motion be granted. As stated in the Motion, Plaintiff's claims lack any basis, either in law or fact. Accordingly, Defendants respectfully request that the Motion be granted without leave to amend.

## II. PLAINTIFF'S IMPROPERLY-SUBMITTED EXHIBIT DOES NOT SAVE HER FIRST AMENDED COMPLAINT

In her Opposition, Plaintiff submits Exhibit 1 for the first time, which is apparently a letter from Wells Fargo (dba ASC or America's Servicing Company) to Plaintiff's counsel. Plaintiff's submission of Exhibit 1 is plainly improper.

A motion to dismiss a complaint pursuant Federal Rule of Civil Procedure Rule 12(b)(6) focuses only on the complaint, its exhibits, and any judicially noticeable documents. Plaintiff cannot submit new exhibits in her opposition to controvert the Motion. *See United States v. Ritchie*, 342 F.3d 903, 907–908 (9th Cir.2003) (generally a court may not consider material beyond the pleadings on a 12(b)(6) motion without converting the motion to dismiss to a motion for summary judgment); *Collins v. Palczewski*, 841 F. Supp. 333, 334 (D. Nev. 1993) ("Generally, when one party moves to dismiss solely upon the pleadings; as is the present case, it is inappropriate for the responding party to introduce extraneous materials in an attempt to convert the dismissal motion into one for summary judgment under Rule 56.").

Even if Plaintiff had properly submitted and this Court were able to consider Exhibit 1, however, the exhibit does not support the claim that Plaintiff hopes it does. Plaintiff takes sentences out of context and claims that it creates a "Ring around the Rosie" situation. Opp. at 4:10-14. The letter makes no such inference.

1  The letter first indicates that ASC is unable to substantiate certain claims regarding
2  the origination of the loan and thus directs questions in connection with the
3  origination of the loan to the originating lender. Opp., Ex. 1. The letter then
4  explains that all other questions inquiries and concerns should be addressed with
5  ASC as the servicer of the Loan. *Id.* While the letter identifies the then-current
6  holder of the beneficial interest in the loan,[1] it indicates that the trustee will likely
7  refer any questions back to ASC as the servicer of the Loan. *Id.* In short, the letter
8  does not create any misdirection, and certainly has nothing to do with Defendants'
9  authority to foreclose as Plaintiff suggests. Opp. at 4:10-14.

## III.  DEFENDANTS DO NOT HAVE TO PROVE THEIR AUTHORITY TO FORECLOSE

Defendants' Motion sets forth a plethora of case law stating that a foreclosing entity does not have to prove its authority to do so and that California Civil Code Sections 2924 through 2924k "provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *See Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1154 (2011); *Lane v. Vitek Real Estate Industries Group,* 713 F.Supp.2d 1092, 1098 (E.D. Cal. 2010). Plaintiff's Opposition fails to address Defendants' argument in their Motion, confirmed repeatedly by the California Court of Appeal, that such "prove your standing" cases have no merit. *See Herrera v. Federal National Mortgage Assn.*, 205 Cal.App.4th 1495 (2012) (rejecting foreclosure challenge; no requirement to show agency when MERS assigned deed of trust to foreclosing creditor); *Debrunner v. Deutsche Bank National Trust Co.*, 204 Cal.App.4th 433, 440-442 (2012) (a party may commence non-judicial foreclosure pursuant to statute without

---

[1] The property has since sold to a third party bona fide purchaser. See RJN, Ex. 6.

proving that it is the holder of the secured note); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256 (2011) (rejecting similar foreclosure challenge). Plaintiff's challenge to Defendants' "standing" to foreclose therefore fails. *See* Opp. at 4:14-17; 6:3-9.

## IV. PLAINTIFF'S RELIANCE ON *IN RE VEAL* IS MISPLACED

The one case Plaintiff relies on, albeit vaguely, to support her claim that Defendants lacked standing to foreclose is *In re Veal*, 450 B.R. 897, 906 (B.A.P. 9th Cir. 2011). (Opp. at 5:14-19; 6:4-10.) Plaintiff's reliance on *In re Veal* is inappropriate and unavailing for multiple reasons.

First, the applicable state law in this case and in *In re Veal* are fundamentally and significantly different. *In re Veal* was a bankruptcy decision in which Illinois law applied. *See In re Veal*, 450 B.R. at 916. According to the *In re Veal* Court, "Illinois ... courts treat a mortgage as incident or accessory to the debt, and, an assignment of a mortgage without the note as a nullity." *Id.* at 916. Conversely, numerous courts have summarily rejected such claims under California law. *See Debrunner,* 204 Cal.App.4th at 440 (noting that the *In re Veal* court implicitly acknowledged that under California's statutory scheme, the original note need not be produced to initiate a valid nonjudicial foreclosure); *In re Rozier* (B.A.P. 9th Cir., Aug. 19, 2013, BAP CC-12-1359) 2013 WL 4428808 at *4 (noting that *In re Veal* does not apply in California); *Zadrozny v. Bank of New York Mellon* (9th Cir. 2013) 720 F.3d 1163, 1168 (noting that *In re Veal* does not apply in Arizona because of a statutory scheme similar to that of California).[2] Even the *In re Veal* Court noted

---

[2] Additionally, the parties in *In re Veal* "assume[d] that the Uniform Commerical Code ("UCC") applies to the Note." *Id.* at 908-909. The UCC does not apply to Plaintiff's Note, nor has she so alleged. As one California court recently noted, the UCC does not "displace the detailed, specific, and comprehensive set of legislative procedures the Legislature has established for nonjudicial foreclosures." *Debrunner,* 204 Cal.App.4th at 441.

"We are aware of statutory law and unreported cases in this circuit that may give lenders a nonbankruptcy right to commence foreclosure based solely upon their status as assignees of a mortgage or deed of trust, and without any explicit requirement that they have an interest in the note." *In re Veal*, 450 B.R. at 917, fn. 34. The *In re Veal* court's analysis does not apply to this case because of California's comprehensive non-judicial foreclosure scheme.

Second, the procedural posture of *In re Veal* is significantly different from that in this case. In *In re Veal*, Wells Fargo was seeking relief from the automatic bankruptcy stay, which can only be granted to a "party in interest." While Wells Fargo had the burden of proving its status as a "party in interest" in the *In re Veal* matter (*Id.* at 917), Defendants bear no such burden here. Rather, and as indicated previously and in the Motion, Plaintiff is barred from bringing this lawsuit to interject the courts into California's comprehensive non-judicial foreclosure scheme.

Plaintiff flatly and strangely claims that "Wells Fargo was never assigned the note such that it would have standing to enforce it." (Opp. at 6:5-6.) Wells Fargo has never claimed that it was assigned the beneficial interest in the Loan. Rather, and as the letter that Plaintiff has recently submitted in support of her Opposition indicates, Wells Fargo is the servicer of the Loan. HSBC Bank is the assigned holder of the beneficial interest in the Loan. Plaintiff's claim to the contrary is nothing more than a red herring.

## V. PLAINTIFF CANNOT AVOID HER OBLIGATION TO TENDER

Plaintiff admits to borrowing money and does not allege that she has repaid the loan. (See Compl., ¶13) However, Plaintiff contends in her Opposition that the tender requirement should not be applied because Defendants did not have authority to foreclose. (Opp. at 5:10-19.). Plaintiff also relies on *Dimock v. Emerald Properties,* 81 Cal. App. 4th 868, 876 (2000) for the proposition that a plaintiff need not tender when a foreclosure sale is void. Plaintiff's reliance is misplaced.

1      In *Dimock*, the sale of the subject property was void because the wrong
2 trustee sold the property at a trustee's sale. In the instant case, there is no allegation
3 that the trustee that conducted the sale was the incorrect trustee. Instead, Plaintiff
4 simply offers blind allegations that various foreclosing entities "lacked the
5 authority" to foreclosure without offering any specific factual basis to support such a
6 claim. As set forth at length in the Motion, such nebulous allegations cannot
7 support a claim that the foreclosure was void. In fact, the proper trustee sold the
8 subject property at a foreclosure sale. See Motion, Sec. III.C. (captioned "The
9 Chain of Title is Complete And The Proper Parties Conducted The Foreclosure.")
10 Thus, the sale was proper.

11     In any event, equity compels Plaintiff to tender. Plaintiff does not and cannot
12 dispute that she obtained and later defaulted on the loan. If Plaintiff wants equity,
13 then she must tender what she owed to challenge the now completed foreclosure
14 proceedings. *Arnolds Mgmt. Corp. v. Eishen*, 158 Cal.App.3d 575, 577 (1984).
15 Because Plaintiff seeks to quiet title to the property, she is not only required to
16 allege that she is able and willing to tender the amount owed on his loan, but she is
17 also required to tender such amount. *Aguilar v. Bocci* 39 Cal.App.3d 475, 477
18 (1974) (A trustor cannot "quiet title without discharging his debt. The cloud upon
19 his title persists until the debt is paid.") Courts have been clear that a full tender
20 must be made, not simply offered, to set aside a foreclosure sale. *Stebley v. Litton
21 Loan Servicing, LLP* 202 Cal.App.4th 522, 526 (2011).

22     Equity requires that Plaintiff tender the amount owed on the Loan in order to
23 set aside the foreclosure sale and quiet title to the property in her name. Plaintiff
24 makes no representation (credibly or factually) of either her ability or willingness to
25 tender that amount. Without any credible allegations of tender, Plaintiff's claims
26 fail as a whole and this Court should grant the Motion on this basis alone.

## VI. PLAINTIFF'S OPPOSITION FAILS TO SAVE HER FDCPA CLAIM

Plaintiff first attempts to save her Fair Debt Collection Practices Act ("FDCPA") claim by noting that the court must view "the collection letter" through the eyes of an unsophisticated consumer. Opp. at 6:18-20. Although Plaintiff's reference to "the collection letter" is vague, she is presumably referring to Exhibit 3 of her FAC, which is appears to be a letter from Quality Loan Service Corporation indicating that Defendant Wells Fargo referred Plaintiff's loan for foreclosure and that Wells Fargo was willing to evaluate whether alternatives to foreclosure were available to Plaintiff. FAC, Ex. 3.

As indicated in the Motion, however, the FDCPA specifically provides that *creditors collecting their own consumer debts* and loan servicers are not "debt collectors" under the FDCPA. 15 U.S.C. § 1692a(6); *See Diessner v. Mortg. Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1188 (D. Ariz. 2009); *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128, at *1 (N.D. Cal. 2009) ("creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA]"). Furthermore, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt." *Diessner*, 618 F.Supp.2d at 1188.

Plaintiff's Opposition asks this court to assume that Defendants have no standing to foreclose under *In re Veal* and that that Defendants' counsel's representations that the Property was transferred to an innocent purchaser for value is a violation of the FDCPA. Based on these assumptions, Plaintiff concludes that Defendants' very own Motion violates the FDCPA. Opp. at 6:24-7:5. Plaintiff's assumptions and conclusions defy logic. First, and as demonstrated earlier, *In re Veal* is not applicable. Second, Defendants had authority to foreclose, the property was sold to a third-party bona fide purchaser, and Plaintiff cannot bring a lawsuit to challenge the non-judicial foreclosure. The fiction that Defendants had no standing to foreclose has no basis in law or fact, and the conclusion that Defendants' Motion violates the FDCPA is absurd.

As indicated in the Motion, the only "debt collection" activity identified in the first amended complaint ("FAC") is the pursuit of non-judicial foreclosure by Defendants, the beneficiary and servicer of the loan. FAC, ¶30. Such activity does not fall within the scope of the FDCPA and Defendants are not considered "debt collectors" for purposes of the FDCPA. Accordingly, Plaintiff's second cause of action for a violation of the FDCPA fails and should be dismissed with prejudice.

## VII. PLAINTIFF FAILS TO SUPPORT HER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 CLAIM

Plaintiff supports her claim under California's Unfair Competition Law under Business & Professions Code § 17200, *et seq.* ("UCL") with essentially one single sentence:

> Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice because Defendants concealed the roles of the parties and DIMACCIO was informed and believes and thereon alleges that defendants herein are in fact "debt collectors" and action they performed in furtherance thereof violated not only Federal law, but State law as well. *A fortiori*, defendants' lose again here too.

Opp. at 7:12-19. As indicated previously and in the Motion, however, Plaintiff's FDCPA claim fails and her claim that Defendants are "debt collectors" fails. In addition, Plaintiff fails to indicate with any particularity how Defendants "concealed the roles of the parties." Opp. at 7:15. Plaintiff's FAC alleges that the "assignments were prepared to conceal and thus illegally correct errors that no valid or proper assignment [sic]." FAC, ¶32. Plaintiff fails to support such a conclusion with any factual allegations. Instead, Defendants' Motion indicated that HSBC Bank was assigned the beneficial interest in the Loan and that Quality Loan Service became the substituted trustee, and notice of the assignment and substitution was recorded with the Riverside County Recorder. RJN, Exs. 2 and 3. Quality Loan Service later executed the notice of default, notice of trustee's sale, and trustee's deed upon sale. RJN, Exs. 4-6. The foreclosing entities were far from concealed.

Because Plaintiff fails to allege with particularity any unlawful, unfair, or fraudulent conduct on the part of Defendants, Plaintiff's UCL claim fails and should be dismissed with prejudice.

## VIII. PLAINTIFF'S QUIET TITLE CAUSE OF ACTION FAILS

Other than stating the elements for a quiet title claim, Plaintiff does not address Defendant's Motion in connection with the arguments regarding her quiet title claim. As noted previously, Plaintiff's quiet title claim should be dismissed because the FAC fails to allege that Plaintiff has tendered the amount she owes on the Loan. Furthermore, even if Plaintiff alleged and completed tender, her quiet title claim fails because the claim relies entirely on the erroneous theories discussed above. *See* FAC, ¶47.

Finally, Plaintiff's quiet title claim as to Defendant HSBC, the only named Defendant in that claim, makes no sense as HSBC sold its interest in the Loan. In other words, HSBC has no interest, let alone an adverse interest, in the Property. Code of Civ. Proc. §760.020; see Trustee's Deed Upon Sale, RJN, Ex. 6.

Therefore, the motion to dismiss to Plaintiff's quiet title cause of action should be granted without leave to amend.

## IX. CONCLUSION

As Plaintiff's Opposition fails to marshal any viable support for any of her claims, Defendants request that the Court grant their motion to dismiss and dismiss Plaintiff's FAC in its entirety.

DATED: October 16, 2013

SEVERSON & WERSON
A Professional Corporation

By: ___/s/ Andrew L. Minegar___
      Andrew L. Minegar

Attorneys for Defendants WELLS FARGO BANK, N.A.; and HSBC Bank USA, National Association, as Trustee for Deutsche ALT-A Securities Mortgage Loan Trust, Series 2006-AR4 (erroneously sued as HSBC BANK USA, NATIONAL ASSOCIATION)